No. 4.—SEABORN A. SMITH, administrator, &c., and ALEXANDER THOMPSON, plaintiffs in error, *vs.* ELIZABETH G. THOMPSON, defendant in error.

[1.] Under the act of 1838, authorizing the service of writs, rules and orders, in equity, by publication, it is necessary that four months shall elapse between the first and the last publication; and that the publications shall also be made once in each of four months next preceding the term at which the defendant is called upon to plead and answer.

[2.] If a cause is not reached in its order on the docket, by the exercise of reasonable diligence on the part of the Court, the effect is a continuance by the Court.

In Equity. Motion to dismiss bill for want of prosecution. In Randolph Superior Court. April Term, 1847, before Judge WARREN.

Elizabeth G. Thompson, the defendant in error, by her next friend Nathaniel Clanton, filed her bill in Randolph Superior

Court, against the plaintiffs in error, one of whom, Alexander Thompson, resided out of the State. At April term, 1846, being the appearance term of the bill, a rule to perfect service thereof upon the said Alexander Thompson, by publication once a month for four months, in the Columbus Enquirer, was obtained. At the next succeeding term of the Court, (October, 1846,) the rule to perfect service had been published in said newspaper, once a month, in four different months, though four full months had not elapsed from the first publication up to the said October Term. At this term, the case was not reached on the docket, and no action of the Court was had upon it.

At April Term, 1847, of the Court below, the complainant moved, upon proof of the publication as above, to have the entry made of service perfected, and asked the usual rule requiring the said Smith and Thompson to answer, &c. The plaintiffs in error resisted this motion, and moved to dismiss the bill for want of prosecution, which the Court below overruled, and allowed the entry of service perfected to be made, and granted the usual rule to answer, &c.

To which decision the plaintiffs in error excepted.

E. H. PLATT, for the plaintiffs in error, made the following points:

1st. The statute of 1838 requiring service to be perfected upon non-resident defendants, by publication of rule for four months, intended to give them the benefit of full four calendar months, in which the paper could circulate, and by possibility reach the defendant.

2d. That the statute giving to the Circuit Courts, chancery jurisdiction, compels the Judges so to direct the proceedings as that the cause shall be ready for trial at the third term of the court, unless special cause be shown, but in no case shall it be continued to more than *four* terms. *Prince* 447.

3d. The order calls upon Alexander Thompson to plead, answer or demur, at the October Term, at which time no action was had upon the part of the complainant in prosecuting her bill.

4th. When the rights of absent debtors are to be affected, courts will compel a strict compliance with all the rules of practice. It is with reluctance that it makes them parties.—*Story Eq. Pl.* 81.

PERKINS, for the defendant in error.

*By the Court.*—NISBET J. delivering the opinion.

This bill was returned to the April Term, of Randolph Superior Court, 1846. It appearing to the Court that one of the defendants, Thompson, resided without the limits of the State, at April Term 1846 an order was taken that a rule be published for four months preceding the next term, calling upon him to appear and answer. This rule was published once a month for four months preceding the next term, but four months did not intervene the first and last publication. At the next term, to wit, the Fall Term, 1846, the cause was not reached in the regular call of the docket, and no entry was made in it. At the April Term, 1847, an order was taken, service being perfected, that the defendant, Thompson, plead, answer and demur, at the next term thereafter, not demurring alone. At the time this order was taken, it was resisted, and a simultaneous motion made to dismiss the bill, because the service of the rule by publication was not sufficient, there not having elapsed four months between the first and the last publication. Judge Warren decided that the publication being made *once in each month*, for four months, the service was good; and whether that decision be right or wrong, is the single point made by this bill.

By the act of 29th December, 1838, it is provided as follows: [1.] "When service of any process, writ, bill, order or rule of court, relating to causes in equity, shall be required to be made by publication in any of the public gazettes of this State, the publication of the same, as aforesaid, once a month, for four months, shall be deemed, held and taken to be sufficient, and the clerk shall receive for such publication the sum of five dollars."—*Hotchk.* 676, *Pam. for* 1838, *sec.* 1, *page* 168.

The rule of court makes it necessary that in the order for service by publication, the defendant be called upon to answer and plead at a time specified.—*Hotchk.* 953. In this case the order was taken at April Term, 1846, and the defendant was required to plead and answer at the next term. It was necessary, therefore, that the publication be made for four months preceding that term. Was there, then, four months publication preceding that term, of the rule in this cause? The record discloses that the first publication was in the last week of the first month, and the last, in the first week of the fourth; and although there was a publication once in

each of four months, yet only about three months intervened the first publication and the term at which the defendant was required to answer. According to our construction of the act of 1838 and the rule of court, this publication was not sufficient, had the cause been called at the term at which the defendant was required to answer. That act intends to give *notice* to the party to appear; that he may be certainly notified, the publication is required to be made once a month for four months. The time is a material element in this requirement, as well as the number of publications. It is necessary that there be four publications, and that each should be made in one of four several months, and that all should be made before the term at which the defendant is required to answer. All this may be done as in this case, and yet the defendant not have four months time within which to acquire the knowledge of the fact, that he is required to answer. The law certainly intended to give four months time to him to learn from the publications that the cause is pending, and that he is required to answer. Again, the law intends the defendant to have this time, that he may prepare his defence and get ready for the trial. This time is given for the same reason that bills in equity are ordinarily required to be served thirty days before the term to which they are returnable, or common law writs seventeen days. Such, without further amplification is the construction of this Court upon the act of 1838.

[2.] In this case, however, the cause was not called at the term at which the rule to answer was returnable. The exigencies of the business of the Court prevented its being called.

Business having prior claims, because anterior in position, occupied all the time of the Court, to the exclusion of this cause. A limited time is allotted to the Superior Court of Randolph County, at each term; there is no requirement of law that all the business of the term shall be disposed of; that all the cases on the docket shall be called. Convenience, indeed the rights of litigants demand, that those causes first in order on the docket, shall first be disposed of. If then, in the exercise of reasonable diligence, the Court does not reach a cause in its proper order, *ex necessitate rei*, it stands over to the next term. By implication of law, the inability to reach a cause, operates as a continuance by the court.

As the fall term of the court, 1846, was the appearance term of this rule, and inasmuch as the case was not (because it could not be) called at that term, the subsequent term became the appearance term of the rule. It was at that subsequent term that

the motion was made to dismiss the bill for want of service and prosecution. *At that time* the rule had been published four months, according to our construction of the act of 1838; the defendant had had not only four, but nine months time, in which to receive the notice. Nor was the complainant now in laches; this being, under the circumstances of this case, the appearance term of the rule, he had done all that he could do to speed the cause.

Under these views we find no error in the record. Let the judgment be affirmed.