No. 46.—GREEN B. POWELL, admr., plaintiff in error, vs. BRYANT D. HOWELL, defendant in error.

[1.] Rule *nisi* for a new trial may be granted without notice to the opposite party, and in his absence, but the party applying for it, is not entitled to it as a matter of right. The Court should look well into it and not grant it, unless he thinks the grounds upon which it is moved require consideration.

[2.] Twenty days *notice or service on the opposite party must be given or effected*, unless notice be waived or the motion argued instanter by consent.

[3.] New grounds cannot, ordinarily, be added to motions for new trials.

[4.] Brief of the evidence need not be entered on the minutes of the Court.

Action for recovery of land, in Chattahoochee Superior Court. Tried before Judge KIDDOO, November Term, 1856.

Rule nisi and motion for new trial.

At the November Term, 1855, of Chattahoochee Superior Court, there was a verdict in this case for plaintiff; after which at the same term of the Court, defendant's counsel moved for a rule nisi, calling upon plaintiff to show cause as soon as counsel could be heard, why said verdict should not be set aside and a new trial granted. The presiding Judge granted the rule, and the same was continued to the next term.

Powell vs. Howell.

At May Term, 1856, plaintiff moved to dismiss said rule, for want of service thereof, and because no brief of the evidence was filed at the term of the Court at which said rule nisi was granted, and no approval of such brief by the Court, and entry thereof on the minutes.

The entry on said rule nisi was as follows, to-wit: "Brief of evidence filed under revision and approval of Court, November 14th, 1855. N. N. Howard, Clerk.." The Clerk stated that said entry was made by him, by the direction of the presiding Judge; whereupon the Court ordered the same to be entered on the minutes of the Court *nunc pro tunc;* and thereupon plaintiff's counsel excepted and assigns error thereon.

The defendant further moved to amend his rule nisi, which the Court allowed, and counsel for plaintiff excepted and thereupon assigns error.

Hines Holt, for plaintiff in error.

Seaborn Jones; and G. E. Thomas, for defendant in error.

By the Court.—McDonald, J. delivering the opinion.

Although the record presents many assignments of error on the decisions and judgments of the Court below, it will be necessary to consider those alone, which are founded on the refusal of the Court to dismiss the rule *nisi* for a new trial, and as connected with it, the Court's decision allowing other grounds to be added to the rule, at the term of the Court at which it was heard.

[1.] Power is conferred by statute on the Judges presiding on the trial of causes in the Superior Court to grant new trials. The statute declares that they shall be granted in the manner prescribed by the act; and the act requires that twenty days' notice shall be given, by the party applying for a new trial, to the adverse party, of his intention, and of the grounds of the application. Applications for new trials, except in ex-

traordinary cases, must be made at the term of the Court at which the verdict was rendered. *Graddy vs. Hightower, et. al., 1st Kelly,* 254. The application here referred to is, for a rule *nisi* calling on the adverse party show cause, at a proper time and place, why a new trial should not be granted, on grounds set forth in the rule. These applications may be made as well without, as with, notice to the opposite party, and during his absence. But the party moving is not entitled to his rule as a matter of right. The Court should look well into it, and not grant it, unless he thinks the grounds upon which it is moved require examination.

[2.] Applications for new trials may be heard, by consent of parties, at the term of the Court at which the verdict was found otherwise, unless they agree, and the Court so orders ; them to be heard in vacation, the party should be required to show cause at the next succeeding term of the Court.— Twenty days' notice to the adverse party, of the intention to move and of the grounds of the motion is indispensable. That notice was not given in this case. It is true, the notice may be waived, or its due service may be inferred from the appearance of the party or his counsel and opposing the rule, or arguing matters collateral to it, in a manner to indicate that the party must have either been served, or must have waived service. There was no such waiver here, and the Court erred in refusing the motion to dismiss the rule nisi.

[3.] From what has been said, it is manifest that new grounds cannot be added to the motion for a new trial at the hearing. The party moved against, cannot have had the twenty days' notice of the new grounds, and nothing sufficient being shown why they were not included in the original application, it is like moving for a new trial after the term at which the verdict was rendered.

[4.] This Court does not hold that the brief of the evidence, agreed upon by counsel or revised and approved by the Court, on motions for new trials, shall be placed on the minutes of the Court. The revision and approval of the Court, certified

on the brief of evidence by the Clerk, ought to have been entered on the minutes as a part of the proceedings of the Court, and the Clerk having neglected to do it, it was no error in the Court to order it to be done, *nunc pro tunc*, but the judgment of the Court below must be reversed on the other grounds.

Judgment reversed.