SCARBOROUGH *vs.* STROZIER, administratrix.

[This case was argued at the last term, and the decision reserved.]

It is incumbent on the plaintiff in error to show error to this court; and where from the state of the record it is not made to appear, the judgment will be affirmed; especially where the judgment complained of is the granting of a first new trial.

New Trial. Before Judge CRISP. Lee Superior Court. March Term, 1879.

Reported in the decision.

W. A. HAWKINS, for plaintiff in error.

D. A. VASON, for defendant.

JACKSON, Chief Justice.

Mrs. Strozier, administratrix, held an execution against Samuel Lindsay, which was levied on certain lands as his property. The lands were claimed by Mrs. Scarborough, and on the issue whether they were subject to the *fi. fa.* or were the property of the claimant, the jury found them not subject. The court granted a new trial, on the ground that the verdict was against the evidence and law of the case and contrary to the charge. The grant of the new trial is the error complained of ; and the sole question is, was the verdict demanded by the facts of the case and the law applicable thereto.

The facts are, that the execution was issued in 1869, on a judgment rendered the same year, at the March term of Lee superior court ; that in the following September an affidavit of illegality was taken thereto by Lindsey, on the ground that the consideration on which the debt sued to judgment was based, was an interest in slaves, and at the March term, 1871, this illegality was sustained, the property levied on (to-wit : two lots of land, numbers not known, but on which defendant, Lindsey, lived) discharged from the levy and the levy dismissed ; that the claim of Mrs. Scarborough was interposed to this land on a re-advertisement for sale on February 5th, 1878 ; that on the issue of subject or not, the following evidence was introduced, which is all that the record discloses, no copy deeds being therein set out :

"The plaintiff introduced the *fi. fa.* and levy and the service made in July, 1869, by W. C. Gill, sheriff. W. C. Gill testified that the levy was in his handwriting, and the other entry of illegality taken was also in his handwriting, and that the paper handed him was the illegality taken by him which stopped the sale. On cross examination that he thinks that this is not the original *fi. fa.*, for he recollects that in 1874 Judge Strozier got his assistance to establish this paper, and his recollection now is that

he did not levy upon these lots, but on 181 in 13th district, which was pointed out by Lindsey. He did not give Lindsey written notice of this levy.

W. H Bailey testified that this was the original *fi. fa.* which was issued by him as clerk of the court at that time.

Plaintiff then introduced the affidavit of illegality filed by Lindsey in this case, which was that the debt or consideration of the same was slaves purchased, and closed his case.

Claimant then introduced the minutes of the court in 1871, showing that the illegality filed was sustained and the levy dismissed by order of the court, and thereupon moved the court to dismiss the levy, which motion was overruled. Claimant then introduced a deed from D. A. Vason and Lindsey to Samuel Lindsey for No. 211; also a deed from A. Kersey to Lindsey for No. 212, bearing date in 1850; also a deed from S. Lindsey to 'Miss Cameron for these lots, dated in November, 1870; also a deed from Mrs. Lindsey, the same woman, Miss Cameron, to Mrs. M. Scarborough, for these lots, dated 1875. As the interrogatories of Miss Cameron were lost and she resided in Arkansas, it was agreed that she did testify that in 1850 she gave Lindsey the money to purchase these lands for her, that without authority he took the deed in his own name, and that in 1870, and that she did not know this till just before he made the deed to her, and that he made the deed in consequence of her finding it out, thus discharging the trust in her favor. This was admitted in evidence subject to the ruling of the court upon its materiality. W. C. Gill and George Edwards testified that Miss Cameron lived with Lindsey on these lots of land from 1856 to 1872, on the death of Lindsey, and claimed them as her own, and she still remained there until she sold to Mrs. Scarborough and she moved west, claiming them as her own. Mr. Scarborough testified that since the purchase of the lands by his wife that she has continually

lived there till the present time, and that she *bona fide* bought said property and paid the sum of money named in the deed for it, and that she did not know of any judgment against Lindsey, nor the existence of this *fi. fa.*. "It is agreed that the above and foregoing is a fair brief of the evidence in this case, and it is agreed that the original deeds and other documentary evidence may be used on the motion for new trial without written copies of the same."

It also appears from the certificate of the clerk to the transcript of the record that "the deeds referred to in motion for new trial and brief of evidence are not of file in said court."

It seems, therefore, that the law has not been complied with which requires copies of the written testimony to be sent up, nor is it waived, if it could be waived. The counsel for defendant in error was absent and no motion was made to dismiss the bill of exceptions, but the dates of these deeds, the names of grantors and grantees, the consideration of the same, the lands in them conveyed, and the entire documentary evidence, is of consequence to enable this court intelligently to decide upon the case. The brief of the oral testimony fails to make sense in several parts of it, and the entire record is uncertain and confused. The burden is on the plaintiff in error to show error, and to bring up his case in such manner that the facts may appear to this court intelligibly. Otherwise, in the absence of defendant's counsel and no motion being made to dismiss the bill of exceptions, the judgment will be affirmed, as matter of course. Especially will this course be pursued where the first grant of a new trial is the judgment sought to be reversed. From such a record as this it is impossible to say that the judge abused his discretion in ordering a new trial; for, unless all the facts before him when he passed on the motion be before this court when it reviews his action, this court cannot say on what his discretion was based. Facts before him and not

before us may have wholly changed the legal aspect of the case. Certainly the facts imperfectly exhibited in this confused record, could not require the verdict, whatever other judgment they might have authorized, and it was right to set it aside if for no other reason because the testimony was so imperfect and uncertain.

Judgment affirmed.