## BALDWIN *vs.* DANIEL.

1. The Code, §3723, requires service of a copy of the rule *nisi* granted on a motion for new trial, unless it is waived; but its due service may be inferred from the appearance of the party or his counsel and opposing the rule, or arguing matters collateral to it, in a manner to indicate that the party must have been served, or must have waived service.

(*a*.) It seems that the notice here referred to, is dispensed with if the motion is heard at the term when the trial is had, and is only necessary where the rule *nisi* is made returnable to be heard in vacation or at a subsequent term of the court.

2. It is apparent from the record that the grounds of the motion were examined and approved by the judge, for he modified and corrected the sixth ground of the motion, and certified the bill of exceptions to be true, and the motion for new trial and the grounds thereof are expressly made a part of this bill of exceptions.

3. The brief of evidence in this case has upon it an agreement by counsel "that the within is a correct brief of evidence taken on the trial, and they agree that the original written evidence and interrogatories may be used for the purpose of this motion." This was signed by the counsel, and dated December 26, 1882. On the same day, and immediately thereunder, is the following, signed by the presiding judge: "Approved, and ordered filed in office." The clerk's entry shows that all the foregoing papers were filed in office on that day. In the motion for new trial, which was fi'ed, heard and disposed of on the same day, is a recital to the effect that it was accompanied by "a copy of the written, and a brief of the oral, testimony adduced on the trial, agreed to by counsel and approved by the court." The bill of exceptions, signed and certified in four days thereafter, states that the brief of evidence was perfected and approved by the court. With this brief of oral testimony is a full copy of the interrogatories and the written evidence in the case (except as to certain letters patent, the substance of which only is given, and which, upon suggestion of a diminution of the record, it was agreed should be held and taken for the letters), and all of this is certified by the clerk as containing a complete transcript of the record of the case:

*Held*, that the writ of error will not be dismissed, on the ground that the documentary evidence was not set forth in the brief of testimony accompanying the motion for new trial, and was not approved and ordered filed by the judge.

(*a.*) The cases in 60 *Ga.*, 322, and 66 *Ga.*, 393, 634, are unlike the present case; and this court is willing to extend the principles of those cases further than is there laid down.

4. Representations as to the value and salableness of property, made after the sale thereof and after the property has passed to the purchaser, do not amount to a warranty, unless there is some new consideration to support it.

5. Neither were the antecedent representations in this case equivalent to a warranty, where the contract was in writing and contained no warranty. They formed no part of the consideration, and did not enter into the contract.

6. Where one purchases on his own judgment, or relies upon the judgment of a third person, placing no reliance upon the skill or judgment of the seller, a warranty cannot be implied from any representations made by the seller.

(*a.*) A representation or expression of opinion in this case that the plow would sell well in Mississippi or anywhere else, etc., did not, in the absence of fraud, amount to a warranty; especially if the buyer had opportunities to make inquiries and judge for himself of the advantages of the market, but neglected so to do. A court of equity will not afford relief to a party who, with the means of protecting himself against the imposition of the other party, abandons them and relies upon his statements of quality or value.

7. The court erred in his charge to the jury on the subject of fraud, failure of consideration and warranty, as set out in the third, fourth and fifth grounds of the motion for new trial. These charges are too vague and general, and were not warranted by the proofs in the case.

8. The verdict is not authorized by the law and the evidence, and a trial should have been granted.

JACKSON, C. J., concurred specially in the refusal to dismiss the writ of error.

March 27, 1883.

Practice in Supreme Court. Practice in Superior Court. Vendor and Purchaser. Contracts. Warranty. Charge of Court. Before Judge HOOD. Randolph Superior Court. November Adjourned Term, 1882.

Baldwin, as transferee of certain notes and a mortgage to secure the same, given by Daniel to one McNair, brought suit on the notes and proceeded to foreclose the mortgage.

By agreement the two cases were consolidated. Defend-ant pleaded the general issue and failure of consideration. The latter plea alleged that the notes were given for the right to sell a certain patent plow-stock in Mississippi; that McNair represented and warranted it to be the best plow-stock made; that it would readily sell in Mississippi or anywhere else, and that all this defendant had to do was to introduce it and he would warrant it to sell; that plaintiff heard these statements made; that defendant relied upon them and gave the notes; that they were false and fraudulent; that defendant endeavored to intro-duce the plow-stock into use in Mississippi, but, after using every effort, both by himself and his agent, he failed to make any sales. The plea further alleged that Baldwin, the plaintiff, urged him to buy the plow, representing to him that it was the best plow that he (Baldwin) had ever seen, and that he had intended and actually purchased two thousand stocks to sell at his own store; that, in fact, this was untrue, and the representation was made to in-duce defendant to purchase; and defendant relied upon this representation in making the purchases.

On the subject of the representation as to the quality of the plow, defendant's evidence showed that defendant went to Baldwin's store and asked him what he thought of McNair's plow-stocks; to which Baldwin replied, that he thought they were the best plow-stocks that he ever saw; that he was going to invest $15,000.00 in them and supply Terrell and Randolph counties. Baldwin testified that he did say that he thought the plow-stocks were good ones, but did not state that he intended to invest $15,000 in them, nor did he urge the trade. He had no in-terest in them or in the notes and mortgage at that time. The notes sued on were given in place of original notes which had previously been given for the plows. The other evidence need not be stated in detail.

The jury found for the defendant. Plaintiff moved for a new trial, on the following among other grounds:

Baldwin *vs.* Daniel.

(1), (2.) Because the verdict is contrary to law, evidence, the weight of evidence and the charge of the court.

(3.) Because the court charged that if the jury believed from the evidence that L. S. Baldwin, the plaintiff, was so mixed up in the taking the notes and mortgage shown to them in this case as to put him on notice of a failure of consideration, then any defence that might be made against the payee, T. F. McNair, could be made against Baldwin, the bearer of the notes, if he got them before due.

(4.) Because the court charged that the jury could not consider the question of sale from McNair of the plow-stocks in question, except as shown by the mortgage and notes exhibited to them in this case, when the court had permitted counsel for plaintiff to show that the trade was made sometime before the notes sued on were given, and that the notes and mortgages shown were substituted for the original note given for the purchase of the right to sell the plow-stocks.

(5.) Because the court charged that if McNair represented the plow-stocks to be specially good in the state of Mississippi, and plaintiff knew it, this was a special warranty of the article sold ; and if it did not come up to the representations, then there was a failure of the warranty, and that the jury would find for the defendant.

(6.) Because the court admitted evidence as to the conversation between defendant and Baldwin, it having occurred after the agreement between McNair and defendant, but before the notes and mortgage in suit were executed.

The motion was overruled, and plaintiff excepted.

PICKET & PARKS; J. H. GUERRY; JACKSON & KING, for plaintiff in error.

A. HOOD, Jr., for defendant.

HALL, Justice.

1, 2, 3. A motion was made to dismiss this writ of error.

(1). Because no notice of the rule *nisi* was served upon the party called on to show cause.

(2.) Because the grounds of the motion for a new trial were not verified by the judge.

(3.) Because the documentary evidence in the case was not set forth in the brief of testimony accompanying the motion for a new trial, and was not approved and ordered filed by the judge.

The record in the case does not sustain either of these grounds of objection.

The motion was made, and the rule *nisi* thereon granted required cause to be shown immediately, or so soon as counsel could be heard, and the motion was heard and disposed of at the same term of the court when the trial was had. The defendant's counsel, who was called upon to show cause, was present, as is shown by his agreement to the brief of testimony on the day the motion for a new trial was heard, and when the motion was overruled. He certainly appears to have taken part in the proceedings relating to the motion for a new trial, and his participation in such proceedings is sufficient to charge him with notice, or is evidence of a waiver thereof. True, no entry of service of notice appears upon the papers, nor is there any written waiver, and the Code, §3723, requires service of a copy of the rule *nisi*, unless it is waived; but "its due service may be inferred from the appearance of the party or his counsel, and opposing the rule or arguing matters collateral to it, in a manner to indicate that the party must have been served, or must have waived service." 21 *Ga.*, 214, 216.

Moreover, it seems that the notice here referred to is dispensed with, if the motion is heard at the term when the trial is had, and is only necessary where the rule *nisi* is made returnable to be heard in vacation, or at a subsequent term of the court. 21 *Ga.*, 214, 215.

It is apparent from the record that the grounds of the motion were examined and approved by the judge, for he modified and corrected the sixth ground of the motion, and certified the bill of exceptions to be true, and the motion for a new trial and the grounds are expressly "made a part of this bill of exceptions."

The brief of the evidence in this case has upon it this agreement by counsel for the parties: "That the within is a correct brief of evidence taken on the trial, and they agree that the original written evidence and interrogatories may be used for the purpose of this motion."  Signed by counsel, and dated December 26th, 1882, and on the same day, and immediately thereunder, is the following, signed by the presiding judge: "Approved, and ordered filed in office."  The clerk's entry shows that all the foregoing papers were "filed in office" on that day.  In the motion for a new trial, which was filed, heard and disposed of the same day, is a recital to the effect that it was accompanied by "a copy of the written and a brief of the oral testimony adduced on the trial, agreed to by counsel and approved by the court."  And the bill of exceptions, signed and certified in four days thereafter, has this in reference to the brief of testimony, viz: that the same was "perfected and approved by the court," at the same time the motion was heard and determined.  Along with this brief of the oral testimony, is a full copy of the interrogatories and the written evidence in the case (except as to the letters patent of McNair to the plow-stock in question, the substance of which only is given, and which, upon a suggestion of a diminution of the record, it was agreed should be held and taken for the letters), and all of which is certified by the clerk as containing a complete transcript of the record in the case.

In support of this objection, the counsel cites the case in 60 *Ga.*, 322, in which the court decided that, "in order for the brief of evidence to come up as a part of the record, under section 4253 of the Code, it must be approved

by the court in express terms, and such approval must be evidenced by an entry signed by the judge, or by a direct affirmation in the bill of exceptions. That while a presumptive or implied approval will serve for the court below to act upon, and also for this court to act upon where the evidence is embraced in the bill of exceptions, an express approval is requisite to render the brief a part of the record, and to identify and authenticate it as such in the transcript."

In this case, although the approval was written out upon the brief, it was not signed by the presiding judge, nor was the omission to sign it accounted for; neither was there any affirmation in the bill of exceptions that the brief had been approved. Whereas, in the case now under consideration, the approval was signed by the judge, and there is in the bill of exceptions an express affirmation that the brief was "perfected and approved" by the court. In the present case the documentary evidence appears as a part of the brief of the oral testimony, approved, and is not merely "annexed" thereto, as in the case just cited.

Nor do the cases cited from 66 *Ga.*, 393 and 634, sustain the motion on this ground. The first does not bear upon the point at all; the clerk certified in that case that "the deeds referred to in the motion for a new trial and brief of evidence are not of file in said court." The very reverse is certified, both by the judge and clerk, in this case. The last case cited, on account of its wide variance from this, does not control it. There the agreement of counsel was that certain original interrogatories should be used on the hearing, and sent up to this court as a part of the evidence in this case, and the court below approved the brief with an order that the clerk copy the interrogatories as a part of the evidence. What purported to be a copy of such interrogatories appeared in the record, detached and disconnected from the approved brief, and without further authentication by the presiding judge; whereas, in this case, there was no such order to the clerk to copy and send

up; the written evidence was not disconnected and detached from the approved brief of the oral testimony, and was authenticated by the presiding judge, both by his approval of the brief and the recital in the approved motion for a new trial; and as we have seen, in the bill of exceptions itself. We are unwilling to extend the principles of these cases further than is there laid down ; were we to do so we should feel that we were acting in opposition to the liberal practice enjoined by recent legislation. The motion to dismiss the writ of error is, therefore, denied.

4, 5, 6, 7, 8. This was a proceeding to foreclose a mortgage, brought by the assignee thereof, and of the notes it was made to secure.

The papers, which were made negotiable on their face, were assigned before due. The defence set up was failure of consideration, breach of alleged warranty, and fraud, of which it was claimed the plaintiff had notice.

The notes were given for the right to use in the state of Mississippi certain patented plow-stocks, of which McNair, the payee of the notes, was the inventor and proprietor. The plea sets forth that defendant purchased the right, upon the representations of the patentee and the plaintiff, but mainly upon those of the latter, that " the plow was the best he had ever seen ; that he intended to purchase, and had actually purchased two thousand of these plows to sell at his store, in Dawson, Georgia," when, in fact and in truth, so far as defendant was advised and believed, he had not, and did not intend to purchase the same, but made the representations, which he well knew were false, for the purpose of inducing the defendant to purchase said right; that the payee in the note and mortgage warranted the plow to be the best made—that it would readily sell in Mississippi, or elsewhere, and all that defendant had to do was to introduce it, and he would warrant it to sell ; that the plaintiff was present and heard all this, and urged defendant to make the purchase ; and, relying upon the plaintiff's "word and representation,"

he purchased the right. But, so far from being true, these representations were absolutely false, and were made with intent to defraud him; that he did introduce the plow into Mississippi; went there and tried to sell it himself, and employed competent agents to assist him, and, after doing all in his power to make sales, was unable to do so, "recognizing, himself, that the plow did not come up to the representations that the plaintiff had made to him." Apart from these representations, no warranty as to the quality and usefulness of the plow was ever made, as appears from the testimony. The purchase was made late in March, when notes were given. The notes sued on were substituted, on the 18th of May following, for the first that were given, and the mortgage to secure them were then executed and delivered. According to the defendant's own testimony, before he made the purchase, he sought the plaintiff out and inquired of him his opinion as to the plow, which the plaintiff, in reply to his inquiry, gave him. He further swears that he went to Mississippi, where he remained some three months, at a cost of two hundrd and fifty dollars. The time he spent in Mississippi was during the months of July and August and September; that while there, he " did not offer to sell plow-stocks, but tried to sell county-rights; that, by himself and agents, he did all he could to sell these rights, but was unable to sell any at all. Before his return from Mississippi, he made two agents in that state to sell rights, but had not since heard from them."

This is the only evidence of any breach of the alleged warranty. The plaintiff's testimony affirms the excellence of the plow-stocks, but denies the portion of defendant's testimony in relation to the plaintiff's intention to invest extensively in them. The only warranty set up, or attempted to be proved, consisted of the representations set forth. There was some dispute, as shown by the evidence, as to the time the plaintiff became the owner of these papers; but in the view we take, this was an imma

terial issue. These representations, it seems, were made both before and after the purchase was made. Such as were made after the sale, and after the property had passed to the purchaser, most certainly did not amount to a warranty (Benjamin on Sales, §§611, 612; 9 American R., 741,), unless there was some new consideration to support it.

Neither were the antecedent representations equivalent to a warranty, where the contract, as in this instance, was in writing, and contained no warranty. They formed no part of the consideration, and did not enter into the contract. Benjamin on Sales, §§621, 644, 610, 611.

Where one purchases on his own judgment, or relies upon the judgment of a third person, placing no reliance upon the skill or judgment of the seller, a warranty cannot be implied from any representations made by the seller. Benjamin on Sales, §661. The representation or expression of opinion that the plow would sell well in Mississippi, or anywhere else, etc., did not, in the absence of fraud, amount to a warranty : and this is especially true, if the buyer had opportunies to make inquiries and judge for himself of the advantages of the market, but neglected so to do. 58 *Ga.*, 116. A court of equity will not afford relief to a party who, with the means of protecting himself against the impositions of the other party, abandons them and relies on his statements of quality or value. 20 *Ga.*, 242.

There are general charges of fraud and failure of consideration set out in defendant's pleas, but there are no specifications or particulars set out as to either charge, and there was no evidence going to establish either charge. The court erred in his charge to the jury, upon the subject of fraud, failure of consideration and warranty, as set out in the third, fourth and fifth grounds of the motion for a new trial. These charges are too vague and general, and were not warranted by the proofs in the case.

The verdict is not authorized by the law and the evi-

dence, and a new trial should have been granted upon the first and second grounds set out in the motion.

Judgment reversed.

JACKSON, Chief Justice, concurring.

I approve of the judgment not dismissing this writ of error, on the ground that the interrogatories are not properly documentary evidence. It may be abbreviated, just as any other testimony, by personal witnesses, and a brief of it made part of the record, · just as a brief of personal testimony on the stand. The remainder of the written evidence was either agreed to be abbreviated or was part of the record of the case, and came up legitimately as part of it. So understanding the record, the judgment refusing to dismiss the writ of error does not collide with former adjudications, and I concur in it. In the judgment of reversal, I concur, for the reasons given in the opinion of the court.