### 3369. CASE THRESHING MACHINE CO. *v.* EZZELL.

HILL, C. J. The allegations of the petition, if proved, in the absence of a defense, would authorize a recovery of the damages claimed, and there was no error in overruling the demurrer.

*Judgment affirmed. Pottle, J., not presiding.*

DECIDED JANUARY 30, 1912.

Action on contract; from city court of Atlanta—Judge Reid. March 24, 1911.

Ezzell sued the J. I. Case Threshing Machine Company for $708.50, on account of an alleged breach of contract. The petition alleges, that on August 1, 1910, the petitioner entered into a contract with the defendant (a copy of which is exhibited), whereby it was to deliver to him a described traction engine, for which he was to pay $1,250; that before he contracted with the defendant, it "sent one J. D. Perryman to petitioner's home . . for the purpose of selling petitioner the property described in said contract; that petitioner and the defendant company agreed that petitioner was to purchase 300,000 feet of saw-timber in the woods, and that, for the purpose of conveying the logs from the woods to petitioner's sawmill, the traction engine above described would save petitioner $2 per thousand on said timber, thus saving petitioner the sum of $600 on this particular location of timber; . . that the representative of the defendant company returned to Atlanta and waited until petitioner could negotiate and close the trade for said timber. As soon as petitioner found that he could get the 300,000 feet of timber he notified the defendant company that he would buy the timber, provided he could get the traction engine to haul said timber to his sawmill. The defendant company immediately sent their representative to petitioner's home again, and, as a result of his visit, the contract above referred to was entered into by petitioner in good faith. On the basis of this contract petitioner purchased 300,000 feet of timber, and expended the sum of $25 for bridges and roads for the purpose of using said engine. After petitioner had built his roads [and] purchased the timber, he received notice from the defendant company to report to McFall, Alabama, as the engine was ready to be loaded. In response to said notice petitioner left his home and carried with him three men, and went to McFall, Alabama, and paid out for railroad fare the sum of $23, for board $24, time (three days) for four men, at

$2 per day, $24, paid for hauling water to the engine $5, paid for help to load the engine $5, man going for head blocks $2.50, making a total amount paid out and lost by petitioner of $708.50, on account of defendant's failure to carry out said contract. Petitioner alleges that the defendant company, although they had accepted the contract, notified him to go and load the engine on the train, wired him after he got to McFall to remain there, and kept him there for three days, wantonly and without cause refused to allow petitioner to load said engine, wilfully and wantonly disregarded their solemn contract entered into, and refused to deliver to petitioner the property described in the contract. . . Petitioner alleges that he complied with all the conditions of said contract." The contract referred to as attached to the petition is in the form of an order, addressed to the J. I. Case Threshing Machine Company and signed by the plaintiff, directing shipment of a described traction engine, for which the plaintiff agrees to pay $1,250. The order contains the following stipulations: "As a condition thereof it is fully understood and agreed that said machinery is purchased as second hand, and not warranted. No representation made by any person as an inducement to give and execute this order shall bind the company. The company assumes no liability for non-delivery, non-shipment, delay in shipment or transportation." The name of J. D. Perryman appears in the order as "salesman."

The defendant demurred generally, and on the following grounds: That it did not appear what authority Perryman had to represent the defendant, or that he was such an agent as that assurances or statements made by him would bind the defendant; that it did not appear whether the representations made by Perryman were in parol or in writing, and, if in writing, no copy of the writing was exhibited; that the petition failed to set out a copy of the plaintiff's letter to the defendant; that it appeared from the contract exhibited that no representation made by any person as an inducement to execute the contract bound the defendant; that the alleged damages were speculative and conjectural, and were too vague and indefinite to constitute the basis of recovery; and that, special damages not being recoverable, and there being no prayer for general damages, the plaintiff should not recover.

*Payne, Little & Jones,* for plaintiff in error, cited: *Cable Co.* v. *Powell,* 2 *Ga. App.* 73; *Langston* v. *Postal Telegraph-Cable Co.,* 6

*Ga. App.* 833; 1 Am. & Eng. Enc. L. (2d ed.) 987; *Baldwin* v. *Daniel,* 69 *Ga.* 782 (5); *Biggers* v. *Equitable Mfg. Co.,* 124 *Ga.* 1045; *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567; *Hand* v. *Armstrong,* 34 *Ga.* 233, 235; *Christophulos Café Co.* v. *Phillips,* 4 *Ga. App.* 819.