HENRY *et al. v.* HILL.

Where to a suit on a note two of the defendants filed no plea, and the other two, as administrators, filed what they called a plea of *plene administravit,* not sworn to but upon which a trial was had and against which the jury found, and the judge awarded judgment against the defendants who filed no plea, and another judgment was entered against the administrators, both of which judgments

were put upon the minutes, the administrators were estopped, in a subsequent suit upon their bond, from setting up that the judgments were illegal. The plaintiff's waiver of verification of the plea gave the administrators all the benefit they could have derived had it been verified. Nor could their sureties take advantage of such irregularity, especially as they made no separate motion for nonsuit.

January 17, 1890.

Judgments. Pleadings. Estoppel. Administrators. Principal and surety. Practice. Before Judge MILNER. Murray superior court. August term, 1889.

Action by the ordinary for the use of Hill, on the bond of Henry *et al.*, administrators, commenced January 16, 1889. On the trial, it appeared that on September 27, 1887, Hill sued these administrators and two other defendants on a promissory note made by the administrators' intestate and the other two defendants. These two, as well as the administrators, were served. The administrators pleaded merely "that they had fully administered the estate of their intestate and paid out all funds coming to their hands, without notice of the claim now sued on." This plea was signed by their attorneys, but not verified. The jury found against it and in favor of Hill, August 23, 1888. Two judgments, each for the amount sued for, were entered and placed on the minutes, one against the administrators signed by Hill's attorneys, the other (by default) against the other two defendants, signed by the judge. One execution issued against all four defendants, for the amount stated in the judgments, to be levied of the goods, etc. of the two defaulting defendants individually, and of the goods, etc. of the deceased, if any to be found, and if not to be found, then of the personal goods, etc. of the administrators individually. On November 1, 1888, the sheriff entered on this execution that he had made due search as to all of the defendants therein and as to the property of the deceased, and was unable to find

any property upon which to levy it. The bond sued on was in evidence. A motion for nonsuit was made on the following grounds:

(1) The pretended judgment or judgments read in evidence were void, because, there being no issuable plea filed on oath, the jury had no power to render a verdict nor had counsel for plaintiff any power to sign judgment upon the verdict, but it was the duty of the presiding judge to hear the evidence, try the case and render judgment without the intervention of a jury, the suit being upon an unconditional contract in writing.

(2) There are two distinct judgments, one rendered by the court by default, the other signed up by plaintiff's counsel upon the verdict against the administrators; and the *fi. fa.* issued was jointly against all the defendants.

The motion was overruled. The defendants introduced no evidence; and the court charged the jury that the judgments were valid and the execution was properly issued therefrom. The jury found for the plaintiff, and upon this verdict judgment was entered. The defendants excepted.

W. C. MARTIN and R. J. & J. McCAMY, for plaintiffs in error.

TRAMMELL STARR, *contra.*

SIMMONS, Justice.

The facts of this case will be found in the official report. Under those facts, we think the court was right in refusing the motion to nonsuit, and in charging the jury that the judgments were valid. Two of the defendants, when sued upon the note, filed no plea. The other two filed a loose sort of plea which they called a plea of *plene administravit.* This plea was not sworn to by these two defendants. The plaintiff in the action

seemed to have waived that requirement. The defend-
ants went to the jury upon that plea, and the jury found
against them. The judge awarded judgment against
the other two defendants who filed no plea. The coun-
sel for the plaintiff entered up judgment against the
two defendants who filed the plea. Both judgments
were put upon the minutes. It is now claimed by them
that the judgment is illegal because the plea upon which
they went to the jury was not sworn to as required by
law, and therefore the judgment entered up against
them by counsel is illegal. We do not think, under
the facts disclosed by this record, that they should be
allowed to make that question. By filing their plea,
and the plaintiff's waiver of it being sworn to, they
went before the jury and got the benefits of a jury trial,
all that they could have gotten if the plea had really
been sworn to. The jury found against them, and we
think they were estopped, when these judgments were
offered in evidence in a suit upon their bond, from set-
ting up that the judgments are illegal because the case
ought not to have gone before the jury on account of
their own plea not being sworn to. By their own act
they obtained a jury trial, and they ought not to be al-
lowed now to say that the trial brought about thereby
was illegal. Nor do we think that the two defendants
who filed no plea can complain. They were in court
and made no objection on account of the plea not being
sworn to. They stood by and saw the case tried by the
jury, and we do not think they can now say that the
judgment against their codefendants is illegal because
the plea was not sworn to. We agree, therefore, with
the court below that the judgments are not void. The
most that can be said about them is that they are
simply irregular. For a case somewhat in point see
*Merritt* v. *Bagwell*, 70 *Ga.* 578. It being a mere irreg-
ularity, even the sureties on the bond could not take

any advantage of the point, especially as no separate motion for nonsuit was made by them.

*Judgment affirmed.*