## ELLIS *et al. v.* SMITH & BUSSEY.

1. When in a proceeding instituted to recover land, and damages for a trespass thereon, each of the parties stands upon the proposition that he has a legal title to the land, it is error for the trial judge to charge the jury:  "If you should find that there has been no claim made for a great lapse of time since the death of the grantee, and a great number of years has elapsed since the death of the grantee before bringing suit, the law would presume that the property of the deceased, to which plaintiffs claim title, had been disposed

of, or that it had been abandoned; . . and if you believe that the suit is a stale one, then you might find for the defendant."

2. If it appears that a case which is being tried was instituted, and is being carried on, under a champertous contract between the plaintiff and his attorney as to the fees of the latter for the institution and prosecution of the case, this does not authorize a charge that the plaintiff is not entitled to recover. The contract which is obnoxious to public policy and which can not be enforced under the statute is that which is affected with the champerty; but the prohibition does not apply to a pending cause of action which by a champertous contract the attorney agreed to prosecute.

Argued December 8, — Decided December 20, 1900.

Equitable petition. Before Judge Smith. Irwin superior court. March 28, 1900.

*J. W. Haygood, Hamilton McWhorter* and *J. K. Hines,* for plaintiffs. *J. H. Martin,* for defendants.

LITTLE, J. We do not find it necessary to consider in detail any of the twelve grounds contained in the motion for a new trial, except the two hereafter specifically considered. It is sufficient as to the others to say that there was certainly no error on the part of the presiding judge in refusing to compel the production of the plat and grant, when, under the plain letter of the law, no oath or statement was made that the plaintiffs had reason to believe that the paper was in the possession or control of the defendants, and that it was material to the issue. Under other of these grounds, no error is shown, in the light of the qualifications made to them by the judge. In still others, which complained that the court erred in sustaining objections to certain questions which were propounded to a witness, the motion does not show what answers the witness would have made to such questions. In the absence of such statement the grounds can not be passed on.

1. It is contended by the plaintiffs in error that the court erred in charging the jury: "If you should find that there has been no claim made for a great lapse of time since the death of the grantee, and a great number of years has elapsed since the death of the grantee before bringing the suit, the law would presume that the property of the deceased, to which plaintiffs claim title, had been disposed of, or that it had been abandoned. Look to the evidence on this question and see what the truth is; and if you believe that the suit is a stale one, then you might find for the defendants." The action instituted in this case was an equitable

petition to recover possession of a certain tract of land, and to recover damages for certain trespasses which it was alleged that the defendants had committed thereon; and, as ancillary thereto, there was a prayer for injunction to restrain the defendants from committing further trespasses on the land. We are of the opinion that the charge in reference to a stale demand was error. The right of the plaintiffs to recover depended upon title. This, under our law, may be acquired in different ways. The plaintiffs rested theirs upon a grant from the State to an alleged ancestor from whom they claimed title descended to. them. The answer shows that the defendants also claimed title to the land, which claim was rested on possession for seven years under a bona fide color of title. So that each of the parties claimed to have title. There is no superiority in a title derived from a grant to that acquired by possession under color of title for seven years, although the latter is derived by force of a statute. We have in this State no limitation upon the right of the owner to institute an action to recover land to which he has title. As was said by Judge McCay in the case of *Lopez* v. *Downing*, 46 *Ga.* 120, we attain the same end by our law of prescription, which gives the person in possession for seven years a good title. Now, whether the plaintiffs were entitled to recover the land, and damages for the trespass, and to have an injunction issue against the defendants, restraining further trespasses, depended upon the question which of them had title to the land; and, under the facts and pleadings in this case, no question of a stale demand arose. The doctrine of stale demand is a purely equitable one, and only arises whenever from the lapse of time and laches of the plaintiff it would be inequitable to allow a party to enforce his legal rights. Civil Code, § 3775. And if the plaintiff in the action had a title by grant from the State to his ancestor, we do not see why it would be more inequitable to allow him to enforce his legal rights than to allow the defendant, who confessedly had title depending upon possession, to enforce his. It was ruled by this court in the case of *Wyche* v. *Greene,* 11 *Ga.* 159, that lapse of time can never be set up as a defense in equity when it would not constitute a good statutable bar at law. By express statute the same limitation as to actions prevails in courts of equity as in law; and while, as we have said, there is no limitation of time prescribed in which the owner of land shall institute action to recover possession under his title, this

is presumably so, because of our law as to acquiring title by pre-
scription. But it would be carrying the doctrine of stale demand
entirely too far to apply it to a case where both parties claim the
land under purely legal title. At most, the doctrine rests upon a
presumption; and Mr. Greenleaf in his work on Evidence (16th ed.),
§ 46, says: "It is sufficient that the party, who asks for the aid of
this presumption, has proved a title to the beneficial ownership, and
a long possession not inconsistent therewith; and has made it not
unreasonable to believe that the deed of conveyance, or other act
essential to the title, was duly executed. Where these merits are
wanting, the jury are not advised to make the presumption." The
contentions of the parties in this case are not such as make this
doctrine at all applicable, and, as the pleadings stand, must be
settled under legal rules by proof of title.

2. Another ground of the motion complains that the court erred
in charging the jury as follows: "As to this being a speculative
lawsuit, look to the evidence, and if you find that the suit is being
prosecuted by the plaintiffs, but that the expense of the litigation
is being borne by other parties, whether they are attorneys or not,
. . and whether or not it is being prosecuted in good faith; and if
you find that it is a speculative suit and not prosecuted in good
faith, I charge you that the plaintiffs are not entitled to recover."
The foundation for this charge we presume, is the claim of the de-
fendants that the evidence showed that, under a contract with the
attorney who was employed to bring the suit, the plaintiffs were to
be relieved of all expenses relating thereto, and the attorney was
to receive for his services and expenses one half of the land recov-
ered; and that such a contract is champertous, and being so, the
suit should be dismissed. Our code very properly declares that a
champertous contract, being against the policy of the law, can not
be enforced. Civil Code, § 3668. But no contract, champertous
or otherwise, was sought to be enforced in the action which was
then being tried; and evidently the construction which the trial
judge placed on the law of champertous contracts was, that a suit
which was instituted and prosecuted under a contract for fees
which was champertous could not be maintained, and the plaintiffs
therein could have no recovery. This view of the law and the
charge given, which supports it, are erroneous. It is only declared
by our statute that the champertous contract can not be enforced;

that is to say, if the attorney who was employed to institute the action was seeking to recover under his contract, and it was shown to be champertous, then he would not be entitled to recover, because the contract upon which he relied was against public policy. But how can that contract affect the cause of action which he prosecuted? There was nothing champertous about that, and therefore no reason why *it* should go out of court on that ground. Blackstone defines champerty to be "A bargain with a plaintiff or defendant *campum partire*, to divide the land or other matter sued for between them if they prevail at law, whereupon the champertor is to carry on the party's suit at his own expense" (4 Bl. Com. 135); and a contract of this character is the one which we think public policy requires shall not be enforced, and is the one made obnoxious by our statute. We are aware that some courts in other jurisdictions have ruled that if the fact that a suit is being prosecuted under a champertous contract comes to the knowledge of the court, it should be dismissed. For an enumeration of the cases in which this doctrine is held, see notes 1 and 2 in 5 Am. & Eng. Enc. L. (2d ed.) 832. But this is not a sound doctrine, and some of the courts originally so holding have receded from it; and the better doctrine, which now seems to be supported by the weight of authority, is that the fact that there is an illegal and champertous contract for the prosecution of an action is no ground for an abatement of such action, nor a defense thereto. For a reference to the list of American and English cases so ruling, see note 1, p. 833 of the same volume of the Encyclopædia. This court is committed to this doctrine. In the case of *Reed* v. *Janes*, 84 *Ga.* 380, it was so ruled. In the opinion Chief Justice Bleckley said there was a well-grounded distinction between direct champerty and collateral champerty; that the latter was exterior to the suit, and, although affording a motive for carrying on the litigation, is not directly involved in it as a matter for decision or adjudication in the pending controversy; and that, according to the great weight of authority, collateral champerty is not available as a defense to the action, whether the proceeding be at law or in equity, unless there be some statutory provision controlling the question. The ruling in this case determines the charge of which complaint is made to be error.

*Judgment reversed. All concurring, except Fish, J., absent.*