## ATWOOD *v.* HIRSCH.

Civil Code, § 5381, which requires a writ of scire facias to "be served by the sheriff of the county in which the party to be notified may reside, twenty days before the sitting of the court," contemplates personal service. Service by leaving a copy at the most notorious place of abode of the defendant is not sufficient.

Argued June 28, — Decided August 3, 1905.

Revival of judgment.    Before Judge Roan.    DeKalb superior court.    October 15, 1904.

*Spencer R. Atkinson* and *W. L. Gignilliat*, for plaintiff in error.    *Candler & Thomson* and *Thomson & Hirsch*, contra.

FISH, P. J.    Hirsch Brothers sued out a scire facias to revive a dormant judgment.    It was served upon the defendant by "leaving a copy at his most notorious place of abode."    After return of service had been made, and at the first term of the court, the defendant appeared and moved the court to dismiss the scire facias, upon the ground that it had not been served upon him personally.    The judge overruled the motion, and the defendant excepted.

The Civil Code, § 5381, provides that a scire facias to revive a dormant judgment "shall be served by the sheriff of the county in which the party to be notified may reside, twenty days before the sitting of the court," etc.    No particular method of service is prescribed.    "The general rule in regard to service of process or legal notice is that it must be served personally on the party or the individual in question, unless some other mode is especially provided for that purpose by statute or has been otherwise established by long and recognized practice to the contrary."    19 Enc. Pl. & Pr. 614, 620.    This rule was cited approvingly in *Baldwin* v. *Baldwin,* 116 *Ga.* 472, where Chief Justice Simmons, said: "The code provides for *notice to the defendant* [in a proceeding for alimony], and the defendant himself must be served personally with notice before the court can acquire jurisdiction to proceed

with the case. If the legislature desires to make some other method of service sufficient, substituted service may be provided for by statute, as has been done in ordinary suits. In the absence of such a statutory provision, service by leaving a copy of the petition at the defendant's most notorious place of abode is not sufficient. Indeed it amounts to no service at all." Section 2743 of the Civil Code, which provides the method of foreclosure of mortgages on realty, declares that "the court shall grant a rule directing the principal, interest, and cost to be paid into court on or before the first day of the next term . . ; which rule shall be published once a month for four months, or served on the mortgagor, or his special attorney, at least three months previous to the time at which the money is directed to be paid into court." In the case of *Hobby* v. *Bunch*, 83 *Ga.* 1, the court construes the meaning of the word "served," as employed in the section of the code last quoted, to be personal service, and not service by leaving a copy at the residence of the defendant. In that case Chief Justice Bleckley said, " But the only service which the sheriff could legally make, and the only service effected less than four months before the term of court at which the judgment of foreclosure was rendered which could be valid, would be personal service. Service by leaving a copy at the defendant's residence is unauthorized and insufficient. . . Were the sheriff to leave it at his own residence and return that he had done so and thereby served the defendant, the service would be quite as good as that which was returned in this instance." Citing *Dykes* v. *McClung*, 74 *Ga.* 382, and *Meeks* v. *Johnson*, 75 *Ga.* 630.

Section 5382 of the Civil Code, which provides the method of service by publication upon non-residents against whom dormant judgments are sought to be revived, concludes with this language: "which service shall be as effectual in all cases as if the defendant or person to be notified had been personally served." This would seem to indicate that the legislative interpretation of the act providing for service within the State was that such service should be personal. But it is contended by the defendant in error that a writ of scire facias is in the nature of an action at law, that it "assumes all the forms and attributes" of such, and therefore comes under the provisions of the Civil Code, § 4985, which prescribes the mode of service in this State in actions commenced

by petition; it being permissible, under that section, to perfect service by leaving "a copy at the defendant's residence." In answer to this contention we cite Civil Code, § 5380: "Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained." And to combat the argument that since scire facias is but the continuation of the suit in which the judgment was obtained, and personal service not being required in the original action, it should not be required there, we say that neither is twenty days notice necessary in order to bring the defendant into court in the original action, yet by the plain letter of the law it is in scire facias indispensable. The refusal to dismiss the scire facias was error.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*