DYKES *et al.* *v.* JONES *et al.*

The application to set aside the partition sale contained allegations sufficient to render it an equitable petition, good as against a general demurrer, to set aside the sale for fraud on the part of those conducting the sale, and the bidders who became purchasers thereat. That the petition contained no prayer for process, and that no process was attached thereto, were defects which might have worked dismissal upon proper motion; but no motion to dismiss upon those grounds having been made, these defects were cured by the defendants' appearing and pleading.

Submitted May 25,—Decided August 12, 1907.

Partition. Before Judge Martin. Pulaski superior court. January 18, 1906.

W. H. Jones and O. H. Jones filed their application for partition of certain lands in Pulaski county. The petition alleges that because of the improvements on the land a just and equitable division by metes and bounds is impracticable, and prays for the sale of the lands. The plaintiffs in error, Dykes and Mullis, were minor heirs interested in the lands, and the court appointed a guardian ad litem to represent them, who accepted the appointment and filed a written consent that the lands be sold as prayed for in the petition. Before passing the order for sale, the court heard proof that all the parties at interest had been duly notified of the application for partition; and as no objections were made, the sale was ordered, and three commissioners were appointed to conduct it. The land was sold by said commissioners at public sale, and purchased by said W. H. Jones and O. H. Jones. After the sale had been made, Dykes and Mullis, by their next friends, filed certain "objections" to the sale, and to the partition proceedings, and prayed that the sale be set aside and declared to be null and void, and that the order for such sale be set aside and revoked. There was no prayer for process, and no process was served upon the opposite parties; but at the hearing W. H. Jones and O. H. Jones, the guardian ad litem, and the commissioners who conducted said sale appeared and demurred generally to the "objections." The court sustained the demurrer, and refused to hear evidence in support of the objections urged by Dykes and Mullis. To this ruling they excepted.

*W. L. & Warren Grice,* for plaintiffs in error.

*J. B. Mitchell* and *Fort & Grice,* contra.

BECK, J. (After stating the foregoing facts.)

1. The application to set aside the sale made under the order of the judge upon the partition proceedings is certainly open to the criticism made upon it by counsel for the defendants in error, that it is "unusual in form." It is divided into twenty-four paragraphs, and these paragraphs are by the pleader characterized as "objections to certain partition proceedings." It is unnecessary to discuss these objections in detail. It appears upon a reading of them that the objections embraced in paragraphs Nos. 1-16 are either entirely immaterial, or that they seek to attack the order or judgment of the court ordering the sale for defects and irregularities in the proceedings which were amendable and cured by the judg-

ment, and which can not be urged after judgment by parties who had been served with due and legal notice before the filing of the application for partition.

But that portion of the objections embraced in the paragraphs not referred to above contains allegations sufficient in substance to render it an equitable petition, ancillary to the motion to set aside the sale of the lands referred to; and therefore we feel authorized to refer to and treat these "objections," considered on their entirety, as an equitable petition brought for the purpose of having said sale set aside. This conclusion is clearly justified by a brief statement of the substance of the petition as contained in paragraphs 17, 22, 23, and 24, wherein it is alleged, in substance, that no effort was made by those in charge of the sale to get the highest price for the land, but everything was done to enable the petitioners in the partition proceedings to purchase it below its value; that the purchasers of the land, who were also the petitioners in the partition proceedings, went to prospective purchasers before the sale and requested them not to bid for the land, telling them that the heirs had agreed to buy it, and wanted to get it as cheaply as they could, and that by reason of "these false and fraudulent statements purchasers were deterred from bidding, and the land was sold . . for $1,560, when it was worth at least $2,500, and would have brought that sum if competition had been fair, and no effort had been made to stifle the bidding." Whether the allegations of fraud on the part of the defendants in error, and of their acts and doings, which are alleged to have been a fraud upon the rights of the plaintiffs in error, are sufficiently definite and clear to have withstood an attack by special demurrer, it is unnecessary for us to decide, inasmuch as no such attack was made. If this criticism, "Nor do the allegations of paragraph 23 clearly and distinctly allege fraud," was intended as a special demurrer, it is itself too indefinite and general to be available for the purpose intended. The demurrer to so much of these objections as constitutes an ancillary equitable petition being general, it is only necessary for us to decide whether or not that petition contains "good matter for equity to deal with." If it does, then it follows that this general demurrer should have been overruled, and the petition retained, and the petitioners given an opportunity to sustain their allegations by evidence, if they can produce it.

It was said in the case of Herndon *v.* Gibson, 38 S. C. 357, 17 S. E. 145, 20 L. R. A. 545, that "The prevention of bidding at a master's sale on foreclosure, by ·the mortgagor's announcement of an intention to bid for herself, and of the fact that she was a widow dependent on the land for support, will require the sale to be set aside, although there was no misrepresentation or concealment of facts." And in the note to the above case in 20 L. R. A. 545, it is said, "The general principle of law applied to all sales at auction is, that any act of the auctioneer, or of the party selling, or of third parties, as purchasers, which prevents a fair, free, and open sale, or which diminishes competition, and stifles or chills the sale, is contrary to public policy and renders the sale null and void." See also 17 Am. & Eng. Enc. L. (2d ed.) 980; *Van Dyke* v. *Martin,* 53 *Ga.* 221; *Barnes* v. *Mays,* 88 *Ga.* 696, 16 S. E. 67. As was said by the Supreme Court of Missouri, in a case where it was decided that a partition sale should be set aside because of improper acts and practices upon the part of the purchasers, "It is of importance that these sales in partition should be preserved free from all influences which may depreciate the value of the land sold. Such sales rarely take place but where infants are interested, and they are too frequently prompted by a desire to obtain their inheritance, and that, too, at a sacrifice. Under such circumstances, courts can not be too vigilant in guarding every avenue to improper practices in ·conducting them." Wooton *v.* Hinkle, 20 Mo. 290. This is wholesome doctrine; and we hold in the present case that the equitable petition, which charges that the purchasers of the land "went to prospective purchasers before the sale and requested them not to bid for the land," and, by falsely and fraudulently representing that "the heirs had agreed to buy it and wanted to get it as cheaply as they could, deterred such prospective purchasers from bidding at the sale," and thereby caused the land to bring less than its real value, and less than it would have brought "if no effort had been made to stifle the bidding," was good as against a general demurrer, and that the petitioners should have been allowed to submit evidence in support of their contentions.

2. As this petition originally stood, there appears one fatal defect, which would have prevented the court from entertaining it as an equitable petition brought for the purpose stated, and that

is there was no process nor prayer for process. But this defect was cured by the action of the defendants in error themselves, by appearing and pleading; for, upon the call of the case for the purpose of disposing of the objections, they appeared and demurred generally thereto. "Demurring generally to the plaintiff's petition is pleading to the merits. . . The omission of a prayer for process is amendable, and is waived by appearance and pleading." *Lyons* v. *Planters' Loan & Savings Bank,* 86 *Ga.* 485, 12 S. E. 882, 12 L. R. A. 155. "The absence of process is immaterial where the defendants have appeared and demurred generally to the merits of the petition." *Savannah Ry. Co.* v. *Atkinson,* 94 *Ga.* 780, 21 S. E. 1010.

> *Judgment reversed.   All the Justices concur.*