TOWN OF FAIRBURN *v.* BRANTLEY.

GILBERT, J. 1. "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment." *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574). Under this rule the supersedeas, during its pendency, prevents any steps to en-

force or carry into effect the judgment, such as issuing an execution based thereon. 3 C. J. 1319, § 1448.

2. A motion for a new trial duly filed does not become automatically void because of failure to serve the respondent. The latter may waive service. Civil Code (1910), § 6080. "A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Civil Code (1910), § 10. *Augusta Ry. Co.* v. *Andrews*, 89 *Ga.* 653 (16 S. E. 203). "Any point of practice which, if sound, would be fatal to a motion for a new trial should be presented to the trial court by a motion to dismiss the application for a new trial, and, if not so presented, will be considered as having been waived." *Walker* v. *Neil*, 117 *Ga.* 733 (45 S. E. 387); *Hopkins* v. *Jackson*, 147 *Ga.* 821, 822 (95 S. E. 675). A person is entitled to legal service, but may waive service of the original suit by appearing and pleading to the merits. Failure to serve a motion for new trial will afford ground upon which the motion must be dismissed, but the failure may be waived. Until such motion is actually dismissed it is not void, and a supersedeas contained therein is of full force and effect.

3. The Town of Fairburn, against whom the judgment was rendered, having made and duly filed a motion for new trial and obtained an order from the court superseding the judgment, and a rule nisi requiring the plaintiff to show cause why a new trial should not be granted, will not be heard to say that, because movant failed to cause the respondent to be served with the motion, said motion and the supersedeas was void ab initio, or that the same became void on and after the date set for the hearing of the motion. Notwithstanding the failure to serve the motion, the supersedeas remained of force until the motion was dismissed.

4. The above rulings are controlling on all of the issues in the case. The court did not err in granting mandamus absolute.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.

No. 4851. OCTOBER 14, 1925.

Mandamus. Before Judge Hutcheson. Campbell superior court. March 25, 1925.

On July 17, 1923, S. H. Brantley filed a petition against the Town of Fairburn and the individuals composing the council of the town, praying that the defendants be compelled by the writ of mandamus to levy a tax sufficient to pay off a fi. fa. issued October 22, 1921, upon a judgment procured August 13, 1913, by petitioner against the Town of Fairburn. At the hearing on the application for the writ of mandamus the Town of Fairburn contended that the execution issued against it was dormant, for the reason that it was issued more than seven years subsequently to the date of the judgment. Brantley introduced in evidence, upon the application, a motion for new trial sued out on Aug. 9, 1913, in the case in

which the execution above mentioned was issued.   The rule nisi appended to this motion required Brantley to show cause at 9 o'clock, October 25, 1913, why the new trial should not be granted, and provided that the order should act as supersedeas until the further order of the court.   It does not appear that this motion was ever served upon Brantley; and on Oct. 15, 1921, an order was made dismissing the motion "for want of service, and for want of diligence in prosecution of said motion."   The court below granted a mandamus absolute, requiring the defendants to levy a tax sufficiently large to pay the plaintiff's fi. fa., with all costs and interest. Error is assigned upon this judgment.

The contentions made here by counsel for the Town of Fairburn are: (1) that the supersedeas granted in connection with the order nisi on the motion for new trial never became effective, because of the failure of movant to perfect service of the motion; (2) that if it ever had the effect of superseding the judgment, this continued only until the time fixed by the order for a hearing upon the motion for new trial; and that, in consequence of the fact that more than seven years elapsed between that date and the date upon which the execution was issued, the same is dormant.   Counsel for defendant in error contended that this can not be true, because of the granting of the supersedeas above referred to, and the fact that the motion for new trial was pending until Oct. 15, 1921.

*L. S. Camp,* for plaintiff in error.   *J. F. Golightly,* contra.