23643. JONES *v.* FOX.

DECIDED SEPTEMBER 21, 1934.

*William E. & W. Gordon Mann,* for plaintiff in error.
*J. A. McFarland,* contra.

STEPHENS, J. The jury returned a verdict in the defendant's favor in the case of Mrs. Bertha Jones against J. A. Fox. The plaintiff filed a motion for a new trial on February 16, 1933. A rule nisi was issued, calling upon the respondent to show cause on April 3, 1933, why a new trial should not be granted. There appears on the back of the rule nisi this entry: "Served the deft. J. A. Fox personally with a copy of this motion, Feby. 21st, '33. J. J. Bates, Movant's atty." This entry was not verified by counsel. From the record it appears that afterwards, on March 30, 1933, a copy of the rule nisi was served upon J. A. Fox, by leaving the same at his residence. At the hearing on August 14, 1933, the defendant moved to dismiss the motion for a new trial because a

574

copy of the rule nisi had not been served upon the respondent in the manner contemplated by the law. The court sustained this motion and dismissed the motion for a new trial, upon the ground that "the same has not been served upon the respondent in the manner provided by law, and service not having been acknowledged or waived, said motion for new trial is hereby dismissed." To this judgment the plaintiff excepted.

■ Section 6080 of the Civil Code of 1910 provides that "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." No particular method of service is prescribed. The general rule in regard to service of process or legal notice is that it must be served personally, unless some other mode of service is prescribed by statute. Civil Code of 1910, § 5563. In the absence of such statutory provision, service by leaving a copy of the rule nisi at the respondent's residence is not sufficient.. It amounts to no service at all. See *Water Lot Co.* v. *Bank of Brunswick,* 30 *Ga.* 685, 686; *Baldwin* v. *Baldwin,* 116 *Ga.* 471, 472 (42 S. E. 727) ; *Stuart Lumber Co.* v. *Perry,* 117 *Ga.* 888 (45 S. E. 251) ; *Atwood* v. *Hirsch,* 123 *Ga.* 734 (51 S. E. 742).

■ The entry of service by movant's attorney, to the effect that he served the respondent personally with a copy of the rule nisi, not being verified, does not import verity, as does the entry of a sheriff or other proper officer for serving process or legal notices. Standing by itself, it is of no avail to the movant. The evidence, if any, adduced upon the hearing of the motion to dismiss the motion for a new trial is not before this court, and if movant's attorney testified in support of his entry of service, it does not appear in the record or the bill of exceptions. It is not necessary that this entry of service made by movant's attorney be traversed, as would be the case where the entry is by a proper officer, the same not being verified by the person alleged to have made the service. See *Lee* v. *Cox,* 15 *Ga. App.* 249 (2), 250, 251 (82 S. E. 941).

■ The judge, in his order dismissing the motion for a new trial, states that it appears that the rule nisi has not been served upon the respondent as provided by law. Since the law provides that unless the service be waived or acknowledged, it must be personal upon the respondent, we must presume that it appears from the evidence adduced upon the hearing, or that it was made to appear

to the trial judge, that the rule nisi was not served personally as required by law. The record does not disclose any error, and the action of the trial judge in dismissing the motion for a new trial is therefore affirmed.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*