BRUCE *v.* BRUCE.

No. 14502.   MAY 8, 1943.

H. W. McLarty, for plaintiff in error.   W. F. Moore, contra.

ATKINSON, Justice.   ██   "Where a wife, after having separated from her husband because of his cruel treatment, brought a libel for divorce against him upon the grounds of cruel treatment and habitual drunkenness, but was induced by him, by his promise to reform and not again to be guilty of the acts and conduct relied upon as grounds for divorce, to return to him and resume marital relations, this would have constituted condonation and would have barred the right of the wife to proceed with the suit had the husband not violated the condition upon which the wife returned; but where he did violate that condition and was guilty of a repetition of acts of cruel treatment and drunkenness, the violation of the condition revived the cause of action; and where the wife immediately left her husband after a repetition of the acts of cruel treatment, she may press the suit to a conclusion and upon the trial thereof prove the cruel treatment and instances of intoxication prior to the bringing of the suit as well as those occurring afterwards." Harn v. Harn, 155 Ga. 502 (117 S. E. 383); see also Stanley v. Stanley, 178 Ga. 814 (174 S. E. 531); Duncan v. Duncan, 183 Ga. 570 (189 S. E. 18); Wood ▼. Wood, 179 Ga.

635 (2) (176 S. E. 483), and cit. Under the foregoing authority, there is not such condonation in the instant case as will prevent the plaintiff from proceeding with the original suit for divorce.

■ "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." Code, § 3-601. "It is a well-recognized principle of law that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." *Hughes* v. *Field,* 177 *Ga.* 128, 132 (169 S. E. 344), and cit.

The doctrine of election of remedies is not applicable to this case. The court, on motion of the defendant, having dismissed the second suit, the defendant can not now insist that the filing of the second suit, or the dismissal of same, was a voluntary abandonment by plaintiff of the original suit. Accordingly the court did not err in overruling defendant's general demurrer and motion to dismiss the original suit as amended, for any reason assigned. *Judgment affirmed. All the Justices concur.*