### LOTT v. LOTT.

CANDLER, Justice. J. J. Lott Jr. sued his wife, Madelyn Tanner Lott, for a divorce and for the custody of their two minor children, ages 6 and 3 years, respectively. He alleged that his wife was guilty of cruel treatment; that she had left the State of Georgia, taking their children with her; that her address, as well as that of the two children, was unknown; and that, because of her non-residence, she could not be personally served with process. An order for service on her by publication was granted February 14, 1950, and on March 13, 1950, an order was entered declaring that service had been accordingly perfected upon her as a non-resident of the State. The defendant filed no pleadings, but when the plaintiff's case was called for trial on March 13, 1950, her counsel objected to a trial of it at the first or appearance term. The objection was overruled, the plaintiff was allowed to introduce his evidence, a divorce between the parties was granted, and the custody of their minor children was awarded to the plaintiff. On the same day, and on motion of counsel for the plaintiff, the judge amended his decree by reciting these facts: "On motion of G. H. Mingledorff and A. C. Farrar, counsel for the plaintiff, J. J. Lott Jr., the judgment this day rendered in the foregoing cause is hereby amended by adding thereto the following recital of facts which transpired in connection with and during the progress of the trial of the case: Upon the call of the case for trial Messrs. Gibson and Maddox, attorneys at law, Douglas, Georgia, appeared for the defendant and interposed an oral objection to the trial of the case at this term of the court, upon the sole ground that this was the first term of the court after the petition was filed. After hearing arguments from counsel for the plaintiff and counsel for the defendant the case proceeded to trial by order of the court. The plaintiff introduced evidence establishing the allegations of his petition and requested a decree of divorce and that the custody of the minor children of the parties be awarded to him. Counsel for the defendant thereupon stated that they had no objection to the divorce decree but did object to a disposition of the children upon the ground that the petition showed on its face that the defendant and the children were out of the State of Georgia and not within the jurisdiction of this court. After hearing further arguments from counsel for both the

plaintiff and the defendant the judgment was signed and entered granting the divorce and awarding the custody of said children to the plaintiff. Thereafter on this date at this term of the court, upon motion of counsel for the defendant, further argument was had on that portion of the decree which awarded the custody of the children to the plaintiff. Defendant's counsel insisted that the court was without jurisdiction to determine the question of their custody, while counsel for the plaintiff contended that the defendant had voluntarily appeared in the case through her said attorneys and was therefore subject to the jurisdiction of the court for all purposes connected with the case. At this point counsel for the defendant announced orally for the first time that they were making a special appearance for the sole purpose of questioning the jurisdiction of the court to dispose of the custody of said children, since the petition showed on its face that the defendant and said children were without the jurisdiction of the court. After due consideration of the facts as heretofore related, and after hearing further arguments from counsel for the plaintiff and counsel for the defendant, it was held by the court that the defendant had voluntarily made sufficient appearance in the case to subject her to the jurisdiction of the court, and that the judgment as originally signed and entered remain intact. At no time were there filed or urged any pleas to the merits of the case."

Subsequently, the defendant, alleging that the court had no jurisdiction of her or the children, made a timely motion to strike that part of the decree which made an award of the children. The motion was overruled and the defendant excepted. *Held:*

1. A judgment rendered without service of process, or a waiver thereof, is void for want of jurisdiction over the defendant. Code, § 110-709; *Parker* v. *Jennings,* 26 *Ga.* 140; *Winn* v. *Armour & Co.,* 184 *Ga.* 769 (2) (193 S. E. 447). In this case there was neither service nor waiver thereof.

(*a*) "In all actions for divorce where the defendant shall reside out of this State, and it shall be necessary to perfect service upon such defendant by publication, upon the fact being made to appear to the judge of the court in which suit is pending, either in term or vacation, said judge may order service to be perfected by publication in the paper in which sheriff's advertisements are printed, twice a month for two months." Code (Ann. Supp.), § 81-206. The words, "Twice a month for two months," as they are used in the statute, mean that the defendant is entitled to two months' notice of the complaint filed against him before he is required to appear and answer the same. *Watters* v. *Southern Brighton Mills,* 168 *Ga.* 15 (147 S. E. 87). See also *Smith* v. *Thompson,* 3 *Ga.* 23; *Boyd* v. *McFarlin,* 58 *Ga.* 208; *Barclay* v. *Kimsey,* 72 *Ga.* 725, 736. And, in the circumstances of this case, it makes no difference whether the word "month" means a calendar month or a period of 30 days, because the order for service by publication is dated February 14, 1950, the date of the filing of the petition is February 15, 1950, and the term of the court to which the defendant was required to appear and answer convened on March 13, 1950, on which last-stated date the judgment complained of was rendered.

(*b*) "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Code,

(Ann.) § 81-209; *Ray* v. *Hicks*, 146 *Ga.* 685 (2) (92 S. E. 48); *Dykes* v. *Jones*, 129 *Ga.* 99 (58 S. E. 645). In the present case, no plea to the merits of the cause was filed or urged, and the presence of the defendant's counsel for the stated purpose of orally contesting the court's jurisdiction to try and determine the plaintiff's case at the first or appearance term of the court and a special appearance for the purpose of orally questioning the jurisdiction of the court to fix the custody of minor children allegedly not within the limits of the State, was not a sufficient appearance, in the absence, as here, of service, to give the court jurisdiction over the person of the defendant; and a different ruling is not required because counsel for the defendant orally stated during the trial that they had no objection to the divorce decree, nor because a motion was subsequently made by the defendant's counsel to modify the decree now complained of. *Jones* v. *Jones*, 181 *Ga.* 747 (184 S. E. 271); *Hicks* v. *Hicks*, 193 *Ga.* 446 (18 S. E. 2d, 754).

2. Where the court, as here, has no jurisdiction of the defendant, any judgment rendered in the cause is a nullity. *Winn* v. *Armour & Co.*, supra.

*Judgment reversed. All the Justices concur.*

No. 17122. JUNE 13, 1950.

*Gibson & Maddox*, for plaintiff in error.
*Arthur C. Farrar* and *G. H. Mingledorff*, contra.