19225.   EAGAN, formerly ROGERS, *v.* FIRST NATIONAL BANK *et al.,* Executors.

SUBMITTED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.

*Marvin G. Russell, Turner Paschall,* for plaintiff in error.
*Brackett & Brackett, R. B. Pullen,* contra.

ALMAND, Justice.   On June 30, 1954, Mrs. Lillie Eagan, formerly Rogers, filed her petition against the executors and trustees under the will of W. T. Rogers, deceased, in which she alleged: In her suit against W. T. Rogers for a divorce and permanent alimony in Fulton Superior Court, a divorce decree was rendered on December 12, 1922, awarding her the sum of $40 per month as permanent alimony, and her former husband made payments as provided in the decree up to August 1, 1923, but no payments thereon were made since then, the petitioner remarrying on April 2, 1933.   She prayed that a fi. fa. issue against the defendants and trustees in a named sum.

Without notice to anyone, the court entered an order on June 30, 1954, directing the clerk of the court to issue a fi. fa. in favor of the petitioner against the defendant executors and trustees, and the fi. fa. was issued accordingly.   The defendants filed their written motion to vacate and set aside the above order of the court, and to cancel the fi. fa. issued thereunder.   After notice and a hearing, the court on October 20, 1955, vacated the order of June 30, 1954, and directed cancellation of the fi. fa. issued thereunder, and its record.   The petitioner by bill of exceptions assigns error on this last order.

One of the grounds of the motion to vacate the order directing

the issuance of the fi. fa. was that the judgment upon which it was based was void, in that no alimony was awarded in the second verdict in the divorce case, and that such order was void because the decree did not follow the verdict. The record in the divorce proceeding, which is in the record in this case, shows: that the plaintiff filed her suit for divorce and permanent alimony against W. T. Rogers, and that he filed an answer contesting her prayers; that on December 11, 1922, a second total-divorce verdict was rendered by the jury, granting a total divorce between the parties, the verdict being silent as to any amount of alimony; that the court on the same day, December 11, 1922, entered its decree granting a total divorce, and further ordering the defendant to pay the plaintiff $40 per month as alimony "during the plaintiff's life as long as she remains unmarried." There is nothing in the record to show that the question of alimony was settled or agreed to by contract between the parties.

Code § 30-209 requires that a jury rendering a verdict in a divorce case may provide permanent alimony for the wife. In the absence of a verdict of the jury, or of a contract or agreement between the husband and wife as to the payment of permanent alimony upon the grant of a total divorce, there is no provision of law which gives the court, in rendering a final decree in a divorce case, the right to award permanent alimony. In the absence of an agreement between the parties, all issues made by the pleadings on the trial before the court and jury must be determined in favor of a party, before any judgment in his favor can be rendered. *Holton* v. *Lankford,* 189 *Ga.* 506, 515 (6 S. E. 2d 304). A judgment for permanent alimony rendered by a court without jurisdiction of the subject matter is a mere nullity, and may be so held in any court when it becomes necessary to the interest of the parties to consider it. Code § 110-709; *Jones* v. *Jones,* 181 *Ga.* 747 (2) (184 S. E. 271); *Allen* v. *Baker,* 188 *Ga.* 696 (2) (4 S. E. 2d 642).

The contention of the plaintiff, that the defendant cannot now be heard to complain that the decree is void because the husband for several months after the decree paid the wife the amount of alimony provided for in the decree, is not well taken. A judgment which is void for want of jurisdiction does not afford any basis for applying the doctrine of res adjudicata or estoppel. *Dix* v. *Dix,*

132 *Ga.* 630 (3) (64 S. E. 790). Nor does the fact that the husband did not except to the original judgment for alimony, and made the ordered payments for eight months, affect the result. *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822); *Jones* v. *Jones,* supra; *Langston* v. *Nash,* 192 *Ga.* 427 (15 S. E. 2d 481).

The decree for permanent alimony being void for the reasons above stated, it was not error for the court to vacate the order directing issuance of a fi. fa. for the amount alleged to be due under the decree, and to direct cancellation of the fi. fa. and the record of the same.

*Judgment affirmed. All the Justices concur.*