20454. PETTY *v.* COMPLETE AUTO TRANSIT, INC.
20455. STANLEY, by Next Friend, *v.* COMPLETE AUTO TRANSIT, INC.
20456. STANLEY, by Next Friend, *v.* COMPLETE AUTO TRANSIT, INC.

DUCKWORTH, Chief Justice. These three cases were transferred to the Supreme Court from the Court of Appeals in compliance with Code (Ann.) § 2-3708 (Const., art. 6, sec. 2, par. 8) after that court was equally divided as to the judgments that should be rendered; Judges Carlisle, Quillian, and Nichols, being for affirmance, and Felton, Gardner, and Townsend, for reversal. The questions in all three cases are the same and involve the dismissal of motions for new trials and the striking of so-called motions to set aside the verdicts and judgments. All three cases evolve out of the same facts and circumstances. The plaintiffs in error were minors, who brought suit by their father as next friend against the defendant in error for personal injuries; and while the jury was out deliberating on another case, which was another action for personal injuries brought by their father, their attorney

who was also their father's attorney, negotiated and made an agreement with opposing counsel settling all the cases for the sum of $7,500, that is, $6,000 for the case on trial and $500 for each of the "next friend" cases. Consent verdicts were prepared and submitted to the jury, and thereafter approved in open court after investigation by the trial judge, the same reciting that "all parties being present, including the minors." Judgment was then entered against the defendant in each case. Thereafter, the plaintiffs in error employed another attorney, who filed motions for new trials without rule nisi attached, since the trial judge refused to sign the rules on the grounds the cases had been settled. Copies of the motions for new trials were mailed to opposing counsel, and counsel for the plaintiffs in error certified that he had served counsel for the opposing party by mailing copies to him. After 30 days and after the term, counsel also filed papers in each case designated "Motion to Set Aside Verdict and Judgment," which in substance claims mistake and misunderstanding on the part of the father, who was present in open court, in failing to object to the consent verdicts and also that the attorney was mistaken in thinking he had authority to settle the cases. Motions to dismiss the motions for new trials and motions to strike the motions to set the verdicts and judgments aside were filed, and after a hearing sustained. The exceptions are to these judgments. *Held:*

1. A judgment rendered with consent of counsel is binding on the client unless such consent was in violation of express directions given by the client to the attorney and *known to the adverse party or his attorney,* or unless there was otherwise fraud or collusion on the part of counsel so consenting, *participated in by the adverse party or his attorney. Reece* v. *McCormack,* 188 *Ga.* 665 (4 S. E. 2d 575); *Howell* v. *Howell,* 188 *Ga.* 803 (4 S. E. 2d 835); and cases cited in those decisions.

2. Whether or not the papers filed here with rule nisi attached and served on the opposite party are petitions at law to set aside the verdicts and judgments, motions for new trial filed after 30 days, or extraordinary motions for new trial filed at a later term, they fail utterly to allege any fact which would require further consideration of the court, since they fail to show that the opposing party or his attorney was aware of

the alleged violations of express directions allegedly violated by the plaintiffs' attorney or any fraud or collusion participated in by the adverse party or his attorney. Hence the court did not err in sustaining the motions to strike, even if such "petitions" or "motions" might otherwise be fatally defective as being filed too late, that is, 30 days after the date of the verdict and judgment in violation of Code (Ann.) § 70-301 (Ga. L. 1953, Nov. Sess., pp. 440, 445; 1957, pp. 224, 235), if they be motions for new trial, or fail to have process attached if they be petitions to set aside the verdicts and judgments. ·

3. The cases having been settled in open court, by agreement, and after investigation by the trial judge, the court did not err in refusing to issue the rule nisi and in sustaining the motion to dismiss the motions for new trials, which had no rule nisi attached and no personal service on the respondent as required by Code § 70-306. *Jones* v. *Fox*, 49 *Ga. App.* 573 (176 S. E. 530); *Town of Fairburn* v. *Brantley*, 161 *Ga.* 199 (2) (130 S. E. 67).

For the reasons stated, the court did not err in sustaining the motions to dismiss and to strike.

*Judgments affirmed. All the Justices concur.*

SUBMITTED APRIL 15, 1959—DECIDED MAY 8, 1959.

*Reuben A. Garland,* for plaintiffs in error.
*A. Walton Nall, John T. McTier,* contra.