38720. BRAZIEL v. HUNTER, By Next Friend.

NICHOLS, Judge. 1. "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." *Code* § 70-306; *McMullen v. Citizens Bank,* 123 Ga. 400 (1) (51 S. E. 342); *Smedley v. Williams,* 112 Ga. 114 (37 S. E. 111).

2. Personal service is required where service of the rule nisi, in connection with the motion for new trial, is not waived. *Jones v. Fox,* 49 Ga. App. 573 (176 S. E. 530); *Petty v. Complete Auto Transit, Inc.,* 215 Ga. 66 (3) (108 S. E. 2d 697).

3. A judgment dismissing a motion for new trial, on motion of the respondent made at the time set for hearing, is not an abuse of the trial court's discretion where there has been no

personal service on the respondent or any waiver of such service.

*Judgment affirmed. All the Judges concur, except Felton, C. J., Bell, Hall and Eberhardt, JJ., who dissent.*

DECIDED APRIL 10, 1961—REHEARING DENIED JUNE 15, 1961.

*Smith, Swift, Currie, McGhee & Hancock, James B. Hiers, Jr., W. P. Wilbanks, Jr.,* for plaintiff in error.

*Merritt & Pruitt, J. Ray Merritt,* contra.

BELL, Judge, dissenting. 1. At the time of the dismissal by the trial judge of the motion for a new trial in this case, the status of the motion was that it was based solely upon the general grounds. It was what is colloquially called a "skeleton" motion. Further, the record had not been transcribed by the court reporter, although according to the bill of exceptions certified as true by the trial judge, movant's counsel had made diligent efforts to secure the transcript. It must be conceded that few motions for new trials are based solely upon the general grounds, but nearly all rely primarily upon the amended grounds. The efficient preparation, and, indeed, the statutory law, practically makes it a condition precedent for the drafting of amended grounds of a motion for a new trial that the amended grounds be based upon the transcribed record of the proceedings in a case. "Motions for new trial . . . shall point out such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of." *Code* § 6-901, as amended in 1957. It is only through a careful study of the transcribed record, coupled with notes made during the trial by counsel, that amended grounds may be efficiently prepared. It is certainly obvious, then, that it would indeed be a harsh rule for the courts to insist upon the technical requirement of personal service of a rule nisi accompanying a skeleton motion before the record has been transcribed, and thus before the motion could be determined on its merits. The fundamental purpose of service in this situation is merely to allow the opposite party such time as will permit him to resist the grant at the final hearing. Under these circumstances, where only a skeleton

motion is involved, where counsel has indicated on numerous occasions his intention to amend the skeleton motion by additional grounds to be based on the transcribed record, and diligently seeks to speed up the transcript of the record of the trial, it seems that the apparent and the just rule would be that it is an abuse of discretion for a trial judge to dismiss the motion and thus cut off permanently the right of the diligent movant to amend his motion before the record has been transcribed. The right of appeal in this jurisdiction is of the utmost consequence. It should not be subject to negation by whimsey or caprice.

Notwithstanding the fact that cases such as *Webb v. Nobles,* 195 Ga. 287 (24 S. E. 2d 27), and the authorities it cites at page 288, hold that it is generally a matter in the sound discretion of the trial judge when the time fixed for a hearing arrives and no service has been effected, whether to dismiss the motion (*Smedley v. Williams,* 112 Ga. 114, 37 S. E. 111), or to continue the final hearing until service is perfected (*Martin v. Monroe,* 107 Ga. 330, 33 S. E. 62), those cases are all subject to being interpreted as applying only to the situation where the hearing on the motion was ready for final determination at the time set. If the hearing on the motion for new trial is not ready for final determination at the time initially set, and there is no lack of diligence on the part of the movant in preparing for the hearing, the trial judge could exercise *sound* discretion *only* by continuing the hearing on the motion for all purposes, including the perfecting of service and allowing the parties to prepare for the hearing. Where, as in the present case, the record had not been transcribed by the court reporter and movant's counsel had made diligent efforts to secure the transcript, it seems clear there is no sound discretion exercised by the trial judge in dismissing the motion because of a lack of personal service on the party opposing the motion. As was held in *Webb v. Nobles,* supra, at p. 288 ". . . it is good practice for the judge to provide in his order within what time the movant shall perfect service upon the respondent, yet if made in ample time before the hearing to afford the respondent a reasonable opportunity to get ready to meet the motion, the demands of the statute will be satisfied."

Accordingly, where, as here, the motion was not ready for a

final determination, and this through no failure on the part of movant's counsel to exercise the diligence that the circumstances demanded, it is an abuse of discretion for the trial judge to dismiss the motion for new trial for lack of personal service.

2. There is still another reason in this case why the dismissal of the motion for new trial was improper. The letter of the trial judge set out verbatim in the bill of exceptions, and certified as true by the trial judge, states: "Ordinarily, the court would have granted a motion for continuance due to the record not being complete. However, the plaintiff's motion being good, there would be no necessity for a record being prepared." It is obvious from this language that the trial judge felt he was bound to grant the motion, and, so feeling, he could not have been exercising discretion. Can it be said that a judge exercises "sound discretion" when he implies that he is under a legal obligation to do a certain thing? If he felt he was bound, then he obviously felt he had no discretion and, therefore, he could not possibly have exercised it. Under this situation, the rule of *Webb v. Nobles* and like cases cannot apply, since for those cases to be effective the trial judge in actuality must have exercised discretion.

The motion for rehearing should be granted and the judgment of Judge Clinkscales in dismissing the motion for a new trial for lack of personal service should be reversed.

I am authorized to say that Chief Judge Felton and Judges Hall and Eberhardt agree with what is said here, and concur in this dissent.