23055. DUNN v. DUNN.

Submitted July 13, 1965—Decided September 13, 1965—
Rehearing denied October 7, 1965.

*Claude Hambrick,* for plaintiff in error.

*Grant, Spears & Duckworth, William G. Grant,* contra.

Mobley, Justice. This case was originated by a petition filed in Fulton Superior Court by Mrs. Arviner Gosnell Dunn against Gary Francis Dunn on July 17, 1959, seeking a divorce and alimony. The issues were submitted to a jury which returned a verdict granting the plaintiff, defendant in error here, a divorce

and awarding her alimony in a lump sum of $500. Judgment was rendered on the verdict of October 23, 1961. On November 21, 1961, plaintiff filed a motion for new trial and rule nisi on the general grounds. Plaintiff's new attorney, who had not participated in the trial of the case, filed the motion and served plaintiff in error, defendant, by mail. The following "Certificate of Service" appears on the motion: "This is to certify that I have this day served defendant for the opposite party in the foregoing matter with a copy of this pleading by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon. This 21st day of November, 1961 . . . (signed by the attorney for plaintiff)." Subsequently, on December 15, 1961, plaintiff filed an amended motion for new trial on a special ground. It too, showed that it was served by mail and there was affixed to it a "Certificate of Service on Amendment Motion" substantially like the certificate cited above. This certificate was dated December 1, 1961. On December 15, 1961, the court granted a new trial. The court, without a jury, rendered a final judgment on April 23, 1962, awarding plaintiff a divorce and permanent alimony consisting of $1,500 to be paid instanter and $200 payable monthly until her remarriage or death. On April 23, 1965, defendant filed a motion in Fulton Superior Court to set aside and vacate the alleged final judgment and decree of the court of April 23, 1962, alleging that he was never served personally with either the original motion for new trial and rule nisi or the amended motion for new trial; that he has never waived service; that the motion shows on its face that the only purported service of same upon defendant was by mail which is not in compliance with the law of Georgia. The lower court overruled the motion to set aside the prior judgment. Defendant excepts to this ruling.

■ Plaintiff, defendant in error, contends that the motion to set aside the verdict is barred by the statute of limitation which is three years; that defendant is in any event, barred by laches since he had actual knowledge of the first judgment of October, 1961 since May, 1962; that the first judgment is void because it was illegally tried by a jury and that it was therefore immaterial that the motion for new trial was not served, and that the motion for new trial does not become void until dismissed.

■

In our view of this case, the determinative question is whether legal service of the motion for new trial was made upon defendant. *Code* § 70-306 states that, "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." Unless some other mode of service is prescribed by statute, there must be personal service; accordingly, personal service is required of motions for new trial unless service is waived. *Atwood v. Hirsch,* 123 Ga. 734 (51 SE 742); *Baldwin v. Baldwin,* 116 Ga. 471, 472 (42 SE 727); *Braziel v. Hunter,* 103 Ga. App. 854 (121 SE2d 39); *Jones v. Fox,* 49 Ga. App. 573 (176 SE 530); Mason v. Royal Indemnity Co., 123 F2d 335, 336.

Waiver results where the party appears and pleads to the merits (*Town of Fairburn v. Brantley,* 161 Ga. 199, 200 (130 SE 67)), or where he appears and argues matters collateral to the motion in a manner to indicate that the party must have been served, or must have waived service. *Baldwin v. Daniel,* 69 Ga. 782. An acknowledgment of service prior to the filing of a motion for new trial and rule nisi coupled with a subsequent acknowledgment of an order continuing the hearing on the motion was held in *Trammell v. Throgmorton,* 210 Ga. 659 (82 SE2d 140) to constitute a waiver of service.

Here, the only service of the motion for new trial and the amended motion was by mailing the motions to defendant. As service by mail does not constitute personal service, it is wholly inadequate in this case. It is no service at all. Contrary to plaintiff's contention, it is immaterial and does not provide proper service that defendant actually received the motions through the mail or, in some way, learned of the filing of the motion for new trial and the amendment thereto. *Piggly-Wiggly Ga. Co. v. May Investing Corp., Inc.,* 189 Ga. 477, 479 (6 SE2d 579, 126 ALR 1465); *Davis v. Comer & Co.,* 108 Ga. 117, 119 (33 SE 852, 75 ASR 33); *Payne v. Moore Finance Co.,* 87 Ga. App. 627 (74 SE2d 746); *Carroll v. Muller,* 31 Ga. App. 209 (120 SE 548). Furthermore, so far as the record shows he did not know of the filing of the motion for new trial until sometime after the date of the second judgment.

There are no facts appearing from the record to show a waiver of service. Defendant made no appearance whatsoever and there

is no other conduct on his part from which a waiver might be inferred.

■ (a) Where there is no service or waiver thereof, the court is without jurisdiction and its judgment is void, not merely voidable, and may be attacked in any court where such judgment is attempted to be enforced. *Code* § 110-709; *McBride v. Bryan,* 67 Ga. 584 (3); *Hobby v. Bunch,* 83 Ga. 1 (5) (10 SE 113, 20 ASR 301); *Winn v. Armour & Co.,* 184 Ga. 769 (193 SE 447); *Lott v. Lott,* 207 Ga. 34, 35 (1) (59 SE2d 912); *Foster v. Foster,* 207 Ga. 519 (3) (63 SE2d 318); *Hagan v. Hagan,* 209 Ga. 313 (2) (72 SE2d 295). Plaintiff relies upon the decision in *Town of Fairburn v. Brantley,* 161 Ga. 199, supra, wherein this court held that a motion for new trial did not become void for lack of service until actually dismissed and the supersedeas contained in the motion was of full force and effect until such dismissal. There, the movant in the motion for new trial sought to have the motion declared void, so that the supersedeas could not have the effect of extending the pendency of the motion until October 15, 1921, which was within the statute of limitation period of seven years of the suit filed in 1923 seeking to have a tax fi. fa. paid off by the movant.

Here, it is the respondent who is attacking the motion for new trial and the judgment thereon. Having never been served nor having waived service he is not in the same position as the movant. The new trial was granted and there was a jury verdict and judgment rendered thereon. The defendant cannot be legally charged with any knowledge of these proceedings. Certainly, he cannot now be required to move to dismiss the motion after verdict and judgment. See *Code* § 3-510; *Waldor v. Waldor,* 217 Ga. 496 (123 SE2d 660); *Merchants' Bank of Macon v. Rawls,* 7 Ga. 191 (4) (50 AD 394); *Harris v. McDaniel,* 92 Ga. App. 299 (88 SE2d 442). Thus he is not precluded from attacking the entire proceedings by his motion to set aside and vacate the judgment on the ground that they were void at their inception for want of service.

(b) Plaintiff's contention that defendant's motion to vacate and set aside is barred by the statute of limitation is without merit. "*Code* § 3-702 which provides that actions to set aside judgments should be brought within three years from the rendi-

tion of such judgments, is not applicable where the attack is made upon a judgment on the ground that it is void for lack of jurisdiction of a party to such judgment." *Foster v. Foster,* 207 Ga. 519 (5), supra. But see *Homburger v. Homburger,* 213 Ga. 344 (1) (99 SE2d 213). Further, defendant is not barred by laches since he has the legal remedy under *Code* § 110-709 to set aside a void judgment at any time. Equity follows the law (*Code* §§ 37-103, 3-712) and since the attack made is not barred by law the equitable doctrine of laches cannot be applied. *Ellis v. Smith & Bussey,* 112 Ga. 480, 482 (37 SE 739) ; *Wyche v. Greene,* 11 Ga. 159, 160; *Caldwell v. Montgomery,* 8 Ga. 106; *Louther v. Tift,* 20 Ga. App. 309 (93 SE 70).

■ That the original judgment of October 23, 1961, was based upon a verdict of a jury when, under a then recent statute (*Code Ann.* § 30-101; Ga. L. 1956, p. 405; 1960, pp. 1023, 1024) the judge should have tried the case without a jury, affords no relief to plaintiff. The court having jurisdiction of the parties and the subject matter, the judgment is not void but merely one based upon an irregular proceeding. *Henry v. Hill,* 84 Ga. 283 (10 SE 742). Furthermore, plaintiff is not in a position to attack the judgment as void. "It is a well-recognized principle of law that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." *Bruce v. Bruce,* 195 Ga. 868, 870 (25 SE2d 654) ; *Hughes v. Field,* 177 Ga. 128, 132 (169 SE 344) ; *Ray v. Cruce,* 21 Ga. App. 539 (94 SE 899). See also *Henry v. Hill,* supra. Plaintiff stood by, assuming the position that the trial by the jury was proper, and procured the verdict and judgment. It is not until now, approximately four years later, that she objects to that procedure. Under the principle stated above plaintiff is estopped from questioning the judgment on this ground. There being no other meritorious attack upon the judgment, we conclude that it is valid, even though procured through the use of an irregular procedure.

■ There being no valid motion for new trial for lack of service thereof, the judgment of October 23, 1961, granting the wife

a divorce and awarding her alimony in a lump sum of $500, is a final and binding valid judgment settling the question of divorce and alimony of the wife. Thus the subsequent judgments of the court granting the wife a new trial and granting her divorce and alimony were void, as the court was wholly without jurisdiction to entertain and consider further the question of divorce and alimony of the wife. All further proceedings in the case, after the original judgment became final for failure to serve the motion for new trial, were nugatory and the judgment was null and void. *Waldor v. Waldor,* 217 Ga. 496 (3), supra, and cases cited; *Allen v. Baker,* 188 Ga. 696 (2, 3) (4 SE2d 642); *Rozetta v. Banks,* 183 Ga. 701 (2) (189 SE 513).

The trial court erred in overruling the motion to set aside the judgment of April 23, 1962.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler, P. J., and Cook, J., who dissent.*

DUCKWORTH, Chief Justice, CANDLER, Presiding Justice, and COOK, Justice, dissenting. The provisions of *Code Ann.* § 30-101 (Ga. L. 1956, p. 405; 1960, p. 1023) are jurisdictional. In divorce cases where there is (1) no issuable defense, and (2) no written demand for a jury trial, a jury verdict is void and a judgment based upon that verdict is likewise void for want of jurisdiction. The record showing no issuable defense was filed to the suit and no written demand for a jury trial, the verdict of a jury rendered October 13, 1961, and a decree entered reciting that it was based upon that verdict and dated the same day, shows that the decree is void on its face for want of jurisdiction, and under *Code* § 110-709 it is a mere nullity and may be so held in any court when it becomes material to the parties. The Constitution, Art. VI, Sec. IV, Par. VII (*Code Ann.* § 2-3907; Const. of 1945) provides in such a case that the judge alone has jurisdiction to render a verdict and judgment, and he was not given jurisdiction to render a decree based solely upon the void verdict. This want of jurisdiction rendered the decree void. *Kantzipper v. Kantzipper,* 179 Ga. 850 (177 SE 679); *Eagan v. First Nat. Bank,* 212 Ga. 212 (91 SE2d 499). Want of jurisdiction is never a mere irregularity. Though the judge had jurisdiction of the subject matter and the parties, this did not confer jurisdiction to render an unlawful and unconstitutional decree in the case. In

the condition of the case the jury had no jurisdiction to render a verdict, and the judge had no jurisdiction to enter a decree based upon that void verdict. The jurisdiction of the judge to enter a decree was restricted to a decree based upon his finding of fact and not a jury verdict. In the *Kantzipper* case the court had jurisdiction of the parties and the subject matter, but this court held in headnote 1, that "The court was without jurisdiction to render a judgment for permanent alimony at the appearance term." Likewise in the *Eagan* case the court had jurisdiction of the parties and the subject matter, yet it was held that, "A judgment for permanent alimony rendered by a court" without a verdict of a jury was beyond the court's jurisdiction and was void. If as there ruled the absence of a verdict of a jury when the law required it rendered the judgment void for want of jurisdiction, it must follow that here the judgment based solely upon a jury's verdict when the Constitution and statute forbid a verdict is likewise void for want of jurisdiction.

Since the motion to set aside a subsequent decree for divorce and alimony rendered by a judge without a jury, there being no issuable defense filed and no written demand for a jury trial, is based solely upon the existence of the decree of October 23, 1961, the motion was without merit, and it is the opinion of the dissenters that the court did not err in the judgment of June 3, 1965, overruling the same.